United States Courts
Southern District of Texas
ENTERED

JUN 1 3 2005

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RONALD SANDERS, TDCJ-CID # 1153843 Plaintiff, | § § § § § § § § § | CIVIL ACTION NO. H-05-0702 |
| v. | | |
| DIONNE ETHERIDGE, *et al.*, Defendants. | | |

## MEMORANDUM OPINION AND ORDER ON DISMISSAL

Plaintiff Ronald Sanders, a state inmate proceeding *pro se* and *in forma pauperis*, filed this lawsuit under 42 U.S.C. § 1983, seeking a declaratory judgment to correct his prison race classification from "Caucasian" to "Hispanic," his immediate release from administrative segregation, and monetary compensation for his improper classification, administrative segregation, and mental anguish.

Plaintiff contends that in 2003, TDCJ intake officials classified him as Caucasian, and placed him in administrative segregation as a suspected gang member. He told the officials that he was an Hispanic offender, but his classification was not changed. During his subsequent administrative segregation hearing, TDCJ officials classified him as a confirmed member of an "all-white racial organization" based on his self-admission statement signed at another unit and his "disassociation letter" submitted with his gang renunciation and disassociation program application, and he remained in administrative segregation. Plaintiff argues that because he is an Hispanic, he cannot be a "white supremacist," and that because

of this classification mistake, he is deprived of work time, educational opportunities, and access to good time credit towards parole, and is stigmatized by other inmates. He further complains that because of errors in his prison records, a "free world" woman withdrew her help and financial support.

Under 28 U.S.C. section 1915, the Court is required to dismiss the complaint if it is frivolous or malicious, or fails to state a claim on which relief may be granted. A claim may be dismissed as frivolous if the claim lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25 (1992). In order to obtain relief under 42 U.S.C. section 1983, plaintiff must prove that he has been deprived of a right secured by the Constitution and laws of the United States, and that the deprivation of that right was committed by a defendant acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Inmates have no protected property or liberty interest in custodial classifications. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999). The classification of inmates is left to the discretion of prison officials. *McCord v. Maggio*, 910 F.2d 124, 125 (5th Cir. 1990). Plaintiff has alleged no protected liberty interest that was violated by his placement in administrative segregation because of his classification as a gang member. *See Velasquez v. Woods*, 329 F.3d 420, 421-22 (5th Cir. 2003); *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996). Plaintiff's claims of lost educational opportunities, work time, good time access for future parole purposes, or outside financial help, do not implicate constitutionally protected liberty interests or rights. *See Malchi v. Thaler*, 211 F.3d 953, 957, 959 (5th Cir.

2000). Nor does he have a due process right to the removal of false information in his prison records. *Velasquez*, 329 F.3d at 421-22.

Accordingly, plaintiff's complaint is **DISMISSED** with prejudice under 28 U.S.C. § 1915 as frivolous for failure to state a claim upon which relief may be granted. Any and all pending motions are **DENIED AS MOOT**.

**The Clerk is directed to provide copies of this Order to the parties; to the TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711; and to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702, Attention: Betty Parker.**

Signed at Houston, Texas, on this the 10th day of June, 2005.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE